Dear Representative Hudson:
I am in receipt of your request on behalf of Westminister Christian Academy wherein you seek an Attorney General's Opinion concerning the following:
 Is the school in compliance with Louisiana Law concerning the person who helps obtain contributions for the school?
Additionally, you seek an opinion to the questions contained in the letter prepared by Mr. Chuck Larese, the Business Manager for the Academy. In his letter dated February 6, he asked the following questions:
 1) Are persons who solicit contributions on a voluntary basis, on behalf of a charitable organization, from Louisiana into Louisiana, never considered "professional solicitors" according to 1901?
 2a) According to the scenario stated below, is the employee of WCA a "professional solicitor" according to 1901? b) If yes, is WCA responsible for registering that employee as a "professional solicitor" and paying the $150 annual application/registration fee?
 Scenario: Employee is a full-time salaried employee of WCA whose primary responsibilities involve the solicitation of contributions for WCA from people in and outside of Louisiana. Employee also works part-time, after regular hours, for a for-profit company headquartered outside Louisiana that engages in the solicitation of contributions for charitable organizations in a number of states for a fee. In his part-time job, employee does everything from telephone interviews with prospective donors to conducting surveys that are part of the process the for-profit firm utilizes to maximize soliciting contributions for charitable organizations for a fee.
We will address the questions presented in Mr. Larese's letter first. LSA-R.S. 51:1901 et seq., deals with Deceptive Practice in Soliciting Charitable Contributions. Section 1901 sets forth the definitions applicable to the Section. Section 1901(6) defines a "professional solicitor" to mean:
 . . . any person who, for financial consideration, solicits contributions for or on behalf of a charitable organization, whether such solicitation is performed personally or through his agents, servants, or employees or through agents engaged in the solicitation of contributions under the direction of such person. A salaried employee of a charitable organization maintaining a permanent establishment within the state shall not be deemed to be a professional solicitor. However, any salaried officer or salaried employee of a charitable organization who engages in the solicitation of contributions in any manner for more than one charitable organization, if a fee is charged for services to the organization other than the one that he is employed by, shall be deemed a professional solicitor. This definition shall not apply to a person who solicits contributions on behalf of a charitable organization on a voluntary basis. Persons making interstate solicitations from Louisiana or making interstate solicitations into Louisiana for charitable organizations are deemed to be professional solicitors.
As stated in the last sentence of this section,
 Persons making interstate solicitations from Louisiana or making interstate solicitations into Louisiana for charitable organizations are deemed to be professional solicitors.
However, the previous sentence states that:
 This definition shall not apply to a person who solicits contributions on behalf of a charitable organization on a voluntary basis.
Therefore, persons who solicit contributions on a voluntary basis on behalf of a charitable organization, from Louisiana or making interstate solicitations into Louisiana for charitable organizations are not considered "professional solicitors" and are not required to be licensed.
In response to question 2a, according to the scenario Mr. Larese presented in his letter, the employee of WCA is a "professional solicitor" pursuant to Section 1901(6). The employee makes solicitations for a fee for WCA in and outside of Louisiana and therefore meets the definition.
In response to question 2b, since question 2a was answered in the affirmative, you then inquire whether WCA is responsible for registering that employee as a "professional solicitor" and paying the $150 annual application/registration fee?
LSA-R.S. 51:1901.1 sets forth information concerning the Registration of a Professional Solicitor and the applicable fees and bonds:
 A. Not less than ten days prior to doing business in this state, a professional solicitor shall register with the department by filing an application, application fee, and bond with the department as provided in this Section.
 B. An application for registration or renewal of registration shall be in writing, shall be signed and sworn to by the principal officer of the professional solicitor, and shall be in the form prescribed by the department.
 C. An application for registration or renewal of registration shall be accompanied by a fee of one hundred fifty dollars. A professional solicitor which is a partnership or corporation may register for and pay a single fee on behalf of all its partners, officers, directors, and employees.
 D. At the time of making application for registration and renewal of registration, any professional solicitor with custody or control of contributions made to a charitable organization shall file a department-approved bond with the state treasurer. The applicant shall be the principal obligor and shall maintain the bond in effect as long as the registration is in effect. The bond shall be for twenty-five thousand dollars or greater, as prescribed by the department, with one or more corporate sureties licensed to do business in this state whose liability in the aggregate at least equals the amount of the bond. The bond shall run to the state for the use of the department and to any person who may have cause of action against the obligor of the bond for any losses resulting from malfeasance, nonfeasance, or misfeasance in the conduct of solicitation activities. A professional solicitor which is a partnership or corporation may file one twenty-five thousand dollar bond, or an amount specified by the department, on behalf of all its partners, officers, directors, and employees. A professional solicitor who qualifies as a telephonic seller and is required to file a bond pursuant to R.S. 45:829 shall be exempt from the bonding requirements of this Subsection.
 E. Each registration as a professional solicitor shall be valid for a period of one year and may be renewed for additional one-year periods as provided in this Section. No person shall act as a professional solicitor after the expiration, suspension, or revocation of registration or renewal of registration.
Section A mandates a professional solicitor to register with the department not less than ten days prior to doing business in the state. Section B requires the principal officer of the professional solicitor to sign the application for registration or renewal of registration of the professional solicitor. However, Section C allows a partnership or corporation to register and pay a single fee on behalf of all its partners, officers, directors, and employees.
In response to the initial question presented, our office is unable to ascertain whether the school is in compliance with Louisiana law since we are unaware from the facts whether the employee employed with Westminister Christian Academy is registered and has paid the applicable fees and bonds as set forth in LSA-R.S. 51:1901.1.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________________ BETH CONRAD ROBINSON ASSISTANT ATTORNEY GENERAL
RPI:BCR:sc
DATE RECEIVED:02/12/03BR DATE RECEIVED: 02-17-03SH
DATE RELEASED: May 14, 2003
 BETH CONRAD ROBINSON ASSISTANT ATTORNEY GENERAL